**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| ADAPTIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, <br><br> Defendant. | Case No.  6:15-cv-00045 <br><br> **JURY TRIAL REQUESTED** |

**FIRST AMENDED COMPLAINT**

This is an action for patent infringement in which Plaintiff, ADAPTIX, Inc. ("ADAPTIX"), complains against defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon") as follows:

**THE PARTIES**

1. ADAPTIX is a Delaware corporation with its principal place of business at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

2. Verizon is a Delaware corporation with its principal place of business at 1 Verizon Way, Basking Ridge, New Jersey 07920, and regularly does business in this judicial district at 741 N. Central Expressway, Plano, Texas 75075 by, among other things, committing the infringing acts giving rise to this Complaint.  Verizon employs hundreds of people in Texas, including those employed at its facilities in Southlake and Westlake.

**JURISDICTION AND VENUE**

3. This action arises under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. §§ 101 *et seq*.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Verizon is subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b-c) and 1400(b) because Verizon regularly conducts business in and has committed the acts giving rise to this action within this judicial district.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 8,934,375)

6. ADAPTIX incorporates by reference paragraphs 1 through 5 herein.

7. This cause of action arises under the patent laws of United States of America and, in particular, 35 U.S.C. §§ 271 *et seq*.

8. ADAPTIX is the owner by assignment of United States Patent No. 8,934,375, entitled "OFDMA with Adaptive Subcarrier-Cluster Configuration and Selective Loading" ("the '375 Patent"), with ownership of all substantial rights therein, including the right to exclude others and to sue and recover damages for the past and future infringement thereof. A true and correct copy of the '375 Patent is attached as Exhibit A.

9. The '375 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

10. Verizon has directly infringed and continues to directly infringe at least Claims 1 and 17 of the '375 Patent by, among other things, using, offering for sale, and/or selling cellular communication devices, including without limitation the Apple iPhone 5, iPhone 5 S, iPhone 6, iPhone 6 Plus, iPad mini, iPad Air, LG G Vista, LG G 3, LG Lucid 3, LG Enact, LG G Pad, 4G LTE Ellipsis 8, HTC One M9, Sony Experian Z3v, Kyocera Brigadier, Verizon Ellipsis 8, and any additional 4G LTE devices that may be identified in ADAPTIX's Infringement Contentions, for use on Verizon's 4G LTE Wireless Network ("Verizon's LTE network"), and by using its

network to operate those devices. Verizon is thereby liable for infringement of the '375 Patent pursuant to 35 U.S.C. § 271(a).

11. Verizon has indirectly infringed and continues to indirectly infringe at least Claim 1 of the '375 Patent in this judicial district and elsewhere in the United States by, among other things, using, offering for sale and/or selling cellular communication devices, including without limitation the Apple iPhone 5, iPhone 5 S, iPhone 6, iPhone 6 Plus, iPad mini, iPad Air, LG G Vista, LG G 3, LG Lucid 3, LG Enact, LG G Pad, 4G LTE Ellipsis 8, HTC One M9, Sony Experia Z3v, Kyocera Brigadier, Verizon Ellipsis 8, and any additional 4G LTE devices that may be identified in ADAPTIX's Infringement Contentions, for use on Verizon's LTE network, and using its LTE network to operate those devices. Verizon's end users who purchase systems and components thereof from Verizon and operate such systems and components in accordance with Verizon's instructions and under control of Verizon's base stations directly infringe one or more claims of the '375 Patent in violation of 35 U.S.C § 271. Verizon is thereby liable for infringement of the '375 Patent pursuant to 35 U.S.C. § 271(b).

12. Verizon will have been on notice of the '375 Patent since, at the latest, the service of the Original Complaint herein. By the time of trial, Verizon will thus have known and intended (since receiving such notice) that its continued actions would induce actual infringement of at least Claim 1 of the '375 Patent.

13. Verizon has indirectly infringed and continues to indirectly infringe at least Claim 1 of the '375 Patent by, among other things, contributing to the direct infringement of others, including without limitation end users of its LTE network and cellular communication devices, including without limitation the Apple iPhone 5, iPhone 5 S, iPhone 6, iPhone 6 Plus, iPad mini, iPad Air, LG G Vista, LG G 3, LG Lucid 3, LG Enact, LG G Pad, 4G LTE Ellipsis 8, HTC One

M9, Sony Experia Z3v, Kyocera Brigadier, Verizon Ellipsis 8, and any additional 4G LTE devices that may be identified in ADAPTIX's Infringement Contentions, to be used on Verizon's LTE network, by supplying systems and components that infringe one or more claims of the '375 Patent in violation of 35 U.S.C. § 271(c).

14. Verizon has contributed, and continues to contribute, to the direct infringement of others, such as end users of its LTE network and of cellular communication devices, including without limitation the Apple iPhone 5, iPhone 5 S, iPhone 6, iPhone 6 Plus, iPad mini, iPad Air, LG G Vista, LG G 3, LG Lucid 3, LG Enact, LG G Pad, 4G LTE Ellipsis 8, HTC One M9, Sony Experia Z3v, Kyocera Brigadier, Verizon Ellipsis 8, and any additional 4G LTE devices that may be identified in ADAPTIX's Infringement Contentions, to be used on Verizon's LTE network, by making, offering to sell, selling and/or re-selling in the United States a component of a patented apparatus that constitutes a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '375 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

15. Verizon will have been on notice of the '375 Patent since, at the latest, the service of the Original Complaint herein. By the time of trial, Verizon will thus have known and intended (since receiving such notice) that its continued actions would contribute to actual infringement of at least Claim 1 of the '375 Patent.

16. ADAPTIX has been reparably and irreparably damaged as a result of Verizon's infringing conduct described in this Count. Verizon is thus liable to ADAPTIX for an amount that adequately compensates ADAPTIX for Verizon's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284. Additionally, such irreparable damage will continue until Verizon is enjoined

pursuant to 35 U.S.C. § 283.

## PRAYER FOR RELIEF

Wherefore, ADAPTIX respectfully requests that this Court enter:

A. Judgment in favor of ADAPTIX that Verizon has infringed the '375 Patent, directly and indirectly, as aforesaid;

B. A permanent injunction enjoining Verizon, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or privity therewith from direct and/or indirect infringement of the '375 Patent pursuant to 35 U.S.C. § 283;

C. An order requiring Verizon to pay ADAPTIX its damages with pre- and post-judgment interest thereon pursuant to 35 U.S.C. § 284;

D. A determination that this case is exceptional pursuant to 35 U.S.C. § 285;

E. An order awarding ADAPTIX its attorneys' fees and costs incurred herein pursuant to 35 U.S.C. § 287: and

F. Any and all further relief to which the Court may deem ADAPTIX entitled.

## DEMAND FOR JURY TRIAL

ADAPTIX hereby requests a trial by jury on all issues so triable by right pursuant to Fed. R. Civ. P. 38.

Dated: April 23, 2015

Respectfully submitted,

By: /s/ *Paul J. Hayes*
Paul J. Hayes
James J. Foster
**HAYES MESSINA GILMAN & HAYES LLC**
200 State Street, 6th Floor
Boston, MA 02109
Telephone: (617) 345-6900
Facsimile: (617) 443-1999
Email: phayes@hayesmessina.com
Email: jfoster@hayesmessina.com

        Craig Tadlock
        Texas State Bar No. 00791766
        Keith Smiley
        Texas State Bar No. 24067869
        TADLOCK LAW FIRM PLLC
        2701 Dallas Parkway, Suite 360
        Plano, Texas 75093
        Phone:  (903) 730-6789
        Email:  craig@tadlocklawfirm.com
        Email:  ketih@tadlocklawfirm.com

**ATTORNEYS FOR THE PLAINTIFF
ADAPTIX, INC.**

### CERTIFICATE OF SERVICE

    I certify that a copy of the foregoing document is being served to defendant in accordance with FRCP 4.

        /s/ *Paul J. Hayes*
        Paul J. Hayes