# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

|  |  |  |
|---|---|---|
| **ADAPTIX, INC.,** | ) | **CASE NO. 6:15-cv-45-RWS** |
|  | ) |  |
| **Plaintiff,** | ) |  |
|  | ) |  |
| **v.** | ) | JURY TRIAL DEMANDED |
|  | ) |  |
| **CELLCO PARTNERSHIP d/b/a** | ) |  |
| **VERIZON WIRELESS,** | ) |  |
|  | ) |  |
| **Defendant.** | ) |  |
|  | ) |  |

**VERIZON'S REPLY BRIEF IN SUPPORT OF ITS
MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...........................................................................................................1

II.    THE RELEVANT EVIDENCE IS LOCATED IN OR NEAR CALIFORNIA..................1

    A.    Adaptix Fails To Show Any Relevant Evidence In Texas .....................................2

    B.    The Relevant Evidence Is In Or Near California......................................................2

III.    OTHER FACTORS FAVOR TRANSFER TO CALIFORNIA.........................................4

    A.    Judicial Economy Favors Transfer To California....................................................4

    B.    California Has A Much Stronger Local Interest In This Case.................................5

IV.    CONCLUSION................................................................................................................5

## I.      INTRODUCTION

Adaptix does not dispute that the Northern District of California has ties to this case that are direct, specific, and important, as already established in the ten related Adaptix-Verizon cases that were previously transferred to or voluntarily filed in that District.[1] Nor is there any dispute that this case could have been filed in the Northern District of California.

Instead, in the face of the overwhelming facts supporting transfer, Adaptix emphasizes its own ties to this District, resorts to unsupported speculation regarding Verizon's ties to other Texas districts, ignores events in the related California cases, and downplays the critical importance to this case of third parties — such as Qualcomm and Apple — located in California. Adaptix also relies on the fact that Verizon was previously denied leave to transfer one of Adaptix's base station cases to New Jersey, even though that transfer motion is irrelevant here: it involved different parties (including ALU, headquartered in New Jersey), different accused devices, and five different patents. Finally, Adaptix ignores the significance of its Amended Complaint (Dkt. 18), filed on the same day as its Opposition, which accuses additional Apple, Kyocera, Sony, HTC, and LG devices, many of which are accused in the related California cases. These companies also have relevant witnesses and documents in California.

Giving proper weight to the private and public interest factors, including the significant number of relevant witnesses and documents in California, the Court should grant Verizon's Motion to Transfer.

## II.     THE RELEVANT EVIDENCE IS LOCATED IN OR NEAR CALIFORNIA

Adaptix's Opposition fails to establish the relevance of any evidence in this District. In

---

[1] The patent asserted in the present case is a continuation of the patents asserted in the related California cases. The patents share the same specification and have similar claims. Most of the accused devices in the present case were previously accused in the related California cases.

contrast, the undisputed facts overwhelmingly demonstrate that relevant evidence exists in the

Northern District of California, making it a more appropriate and convenient venue for this case.

### A.      Adaptix Fails To Show Any Relevant Evidence In Texas

Adaptix attempts to avoid transfer to California by emphasizing its ties to this District.

But, as the parties learned during discovery in the related California cases, those ties have little to

no relevance to this case.  Adaptix fails to demonstrate in its Opposition how any of its Texas-

based employees or documents are relevant.  (Opp. at 5-13.)  None of those employees are

identified as "will call" witnesses on Adaptix's trial witness list in a related case.  (Ex. W.)

Notably, Adaptix's trial witness list includes seven current and former employees located in or

near California, one of whom is listed as "will call." (*Id.*)

Adaptix next tries to avoid transfer by resorting to a search of Verizon's job postings,

statistics, and hypothetical document productions to argue that ***potential*** witnesses and

documents could come from Verizon facilities adjacent to this District.  (Opp. at 5-9.)  But there

is no need to speculate about the location of Verizon's relevant evidence.  Verizon's relevant

documents were previously produced and its relevant witnesses previously deposed in the related

California cases, and they came from California and New Jersey, not this District.  Adaptix fails

to explain how Verizon's Texas facilities, or its Texas employees, whom Adaptix elected not to

depose in the related California cases, are relevant to this case.  Verizon has no relevant presence

in Texas, much less in this District.

### B.      The Relevant Evidence Is In Or Near California

By contrast, there is no dispute that key documents and witnesses relevant to this case are

located in or near California:

<u>Verizon:</u>  Adaptix does not dispute that Verizon has relevant documents and witnesses in

California.  (Opp. at 5-6, 8.)  Instead, Adaptix focuses on the fact that Verizon also has relevant

documents and witnesses in New Jersey.  But that fact is irrelevant to this venue transfer

analysis.  *See Am. Vehicular Scis., LLC v. Hyundai Motor Co. et al.*, No. 6:12-cv-00774, Dkt.

131 at 4 (E.D. Tex., July 29, 2014) ("[A] 'comparison between the transferor and transferee

forums is not altered by the presence of other witnesses and documents in places outside both

forums.'") (quoting *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014)).

**Qualcomm:**  Adaptix inappropriately attempts to downplay the significance of third

parties located in California, such as Qualcomm.  (Opp. at 10.)  Adaptix complains that Verizon

failed to describe the expected testimony from Qualcomm's California witnesses, and suggests

that Qualcomm's relevant documents and witnesses could be located in Austin, Texas.  (*Id.* at

10-11.)  But Adaptix is well aware of the nature and location of Qualcomm's relevant documents

and witnesses.  In the related California cases, Adaptix filed a motion to compel inspection of

Qualcomm's source code in the Southern District of California, describing the code as "**central to**

**Adaptix's infringement contentions**" and "critical to Adaptix's case."  (Ex. X, Case No. 3:14-cv-

1148, Dkt. 1, at 10 (emphasis in original).)[2]  Moreover, Adaptix's own trial witness list includes

California-based Qualcomm witnesses Anant Hegde and Lijen Lin.  (Ex. W, at 2-3.)

**Apple:**  Adaptix also attempts to downplay the significance of Apple to this case.  (Opp.

at 10.)  Yet, Adaptix's Amended Complaint accuses six Apple devices, all of which are already

at issue in the related California cases.  Thus, there is no doubt that Apple's witnesses from the

related California cases – all of whom are located in California – are relevant to this case.

**Other Accused Device Manufacturers:**  Witnesses and documents relevant to the

---

[2] Adaptix underscored the importance of Qualcomm's California evidence before this Court in support of its motion to amend infringement contentions in a related case.  (Case No. 6:12-cv-20, Dkt. 230.)

design and operation of the other accused devices are also located in or near California.[3]

**Other Third Parties:**  Adaptix does not dispute numerous prior art inventors are located in California.  (Opp. at 10.)  Nor does Adaptix dispute that Michael Mallie, the only prosecuting attorney deposed in the related California cases, is located in California.[4]  (Opp. at 12, Ex. W.)

All of these undisputed facts weigh strongly in favor of transfer.  *See, e.g.*, *Network Prot. Scis., LLC v. Juniper Networks, Inc.*, No. 2:10-cv-224, 2012 WL 194382, at *6 (E.D. Tex., Jan. 23, 2012) (granting transfer where "[t]he number of witnesses residing in Texas, and any relevant information which they may provide, pales in comparison to the number of party and non-party witnesses with relevant information residing in Northern California").

## III.    OTHER FACTORS FAVOR TRANSFER TO CALIFORNIA

Other factors in the Section 1404(a) analysis favor transfer, including judicial economy (considered part of the "other practical problems" private interest factor) and the strong local interest of the Northern District of California in adjudicating this case.

### A.    Judicial Economy Favors Transfer To California

Adaptix does not dispute that the Northern District of California is intimately familiar with the accused Apple devices and the technology at issue in this case.  (*See* Opp. at 13-14.)

---

[3] *See, e.g.*, Case No. 5:13-cv-1844 (N.D. Cal.), Dkt. 51 at 6 (design documents related to HTC products located in San Francisco); Case No. 5:14-cv-1385 (N.D. Cal.), Dkt. 29 at 5, 9 (Sony Mobile technical evidence and witnesses located in San Mateo).  In contrast, HTC, Sony, and other companies have no relevant documents or witnesses in this District.  *See* Case No. 5:14-cv-1385 (N.D. Cal.), Dkt. 29 at 5, 9 ("No Sony Mobile documents or witnesses are located in this District."); Case No. 6:12-cv-120 (E.D. Tex.), Dkt. 40 at 13 ("No LGE entity has offices, facilities or employees in the Eastern District of Texas."); Case No. 5:13-cv-1844 (N.D. Cal.), Dkt. 35 at 8. ("No HTC documents relevant to this action and no HTC engineers are located in the Eastern District of Texas.").

[4] Adaptix argues the prosecuting attorneys in Denver and Ohio are closer to Tyler than San Francisco, but the duration of relevant flights are roughly the same.  (Hoecherl Reply Decl. at ¶¶ 5-6.).  The other prosecuting attorneys listed in Adaptix's Opposition, Ross Viguet and Robert Greeson, were not relevant enough to have been deposed in the related California cases.

Nor does Adaptix argue that the accused functionality is different in this case.  (*Id.*)  Further, in light of Adaptix's Amended Complaint, this case now also involves HTC, Kyocera, and Sony devices that are accused in the related California cases.[5]  All of those related California cases were either transferred from this District or voluntarily filed in California.  Judge Grewal's familiarity with the accused devices favors transfer.  *See, e.g.*, *Invitrogen Corp. v. General Elec. Co.*, No. 6:08-cv-112, 2009 WL 331891, at *4-5 (E.D. Tex. Feb. 9, 2009) (finding judicial economy favored transfer where the transferee district had presided over cases with "similarly interested parties and some of the same products at issue").

> **B.**      **California Has A Much Stronger Local Interest In This Case**

Adaptix argues its presence in this District creates a local interest that weighs against transfer.  (Opp. at 15.)  But the Northern District of California has a much stronger local interest in this case.  Indeed, in Adaptix's first case against Verizon and Apple, which involved some of the same accused devices, this Court weighed the competing local interests and determined that this factor favors transfer.  *See* Case No. 6:12-cv-124, Dkt. No. 54 at 15.  California's local interest is even more significant in light of the Amended Complaint, which calls into question the "work and reputation" of individuals in California not only from Verizon, but also Apple, Qualcomm, Sony, Kyocera, and HTC.  Thus, this factor favors transfer.  *See, e.g.*, *In re Hoffman-La Roche*, 587 F.3d at 1336 (finding a strong local interest where case "calls into question the work and reputation of several individuals residing in or near that district").

## IV.    CONCLUSION

For the reasons above and in Verizon's opening brief, the Northern District of California is a "clearly more convenient" forum, and this Court should grant Verizon's Motion to Transfer.

---

[5] *See* Case Nos. 5:14-cv-1385, -2359, -2360, -2894, -2895 (N.D. Cal.); *see also* Case Nos. 5:15-cv-364, -365, -366, -367, -972 (N.D. Cal.).

Dated: May 4, 2015

Respectfully submitted,

By: */s/ Cortney C. Hoecherl*
Mark D. Flanagan
Robert M. Galvin
Geoffrey M. Godfrey
Cortney C. Hoecherl
S. Dennis Wang
**WILMER CUTLER PICKERING**
   **HALE & DORR LLP**
950 Page Mill Road
Palo Alto, CA  94304
Tel:  (650) 858-6000
Fax: (650) 858-6100

Michael E Jones (SBN 10929400)
**POTTER MINTON, P.C.**
110 N. College, Suite 500
Tyler, TX 75702
Tel:  (903) 597-8311
Fax: (903) 593-0846
mikejones@potterminton.com

*Attorneys for Defendant* Cellco Partnership
d/b/a Verizon Wireless

<u>CERTIFICATE OF SERVICE</u>

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 4, 2015.

*/s/ Cortney C. Hoecherl*