# EXHIBIT X

Paul J. Hayes (*pro hac vice*)
Kevin Gannon (*pro hac vice*)
Steven Lipman (*pro hac vice*)
Michael J. Ercolini (*pro hac vice*)
HAYES MESSINA GILMAN & HAYES, LLC
200 State Street, 6th Floor
Boston, MA 02109
phayes@hayesmessina.com
kgannon@hayesmessina.com
slipman@hayesmessina.com
mercolini@hayesmessina.com
Telephone: (617) 345-6900
Facsimile: (617) 443-1999

Christopher D. Banys
Richard C Lin
Jennifer L. Gilbert
cdb@banyspc.com
rcl@banyspc.com
jlg@banyspc.com
BANYS, P.C.
1032 Elwell Court, Suite 100
Palo Alto, CA 94303
Telephone: (650) 308-8505
Facsimile: (650) 353-2202

Attorneys for Plaintiff
ADAPTIX, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SUBPOENA ON QUALCOMM INCORPORATED | Miscellaneous Action No.: **'14CV1148 LAB BLM** |
| | **PLAINTIFF'S MOTION TO COMPEL SOURCE CODE** |
| ADAPTIX, Inc., <br>         Plaintiff, <br> v. <br> APPLE, INC., *et al.*, <br>         Defendants. | Underlying Cases: <br><br> Case No. 5:13-cv-01776-PSG <br><br> (Pending in the U.S. District Court for the Northern District of California) |

| | |
|---|---|
| ADAPTIX, Inc., <br>         Plaintiff, <br> v. <br><br> APPLE, INC., *et al.*, <br>         Defendants. | Case No. 5:13-cv-01777-PSG <br><br> (Pending in the U.S. District Court for the Northern District of California) |
| ADAPTIX, Inc., <br>         Plaintiff, <br> v. <br><br> AT&T MOBILITY LLC, *et al.*, <br>         Defendants. | Case No. 5:13-cv-01778-PSG <br><br> (Pending in the U.S. District Court for the Northern District of California) |
| ADAPTIX, Inc., <br>         Plaintiff, <br> v. <br><br> CELLCO PARTNERSHIP *d/b/a* VERIZON WIRELESS, *et al.*, <br>         Defendants. | Case No. 5:13-cv-01844-PSG <br><br> (Pending in the U.S. District Court for the Northern District of California) |
| ADAPTIX, Inc., <br>         Plaintiff, <br> v. <br><br> APPLE, INC., *et al.*, <br>         Defendants. | Case No. 5:13-cv-02023-PSG <br><br> (Pending in the U.S. District Court for the Northern District of California) |

## **NOTICE OF MOTION AND MOTION**

Plaintiff, Adaptix, Inc. ("Adaptix") will, and hereby does move, pursuant to Federal Rules of Civil Procedure 37(a)(1) and 45, for an Order, compelling third party Qualcomm, Inc. ("Qualcomm"), subpoenaed by Adaptix in the above-styled cases before the Northern District of California ("NDCA") (the "NDCA cases"), to immediately make available for inspection by Adaptix of the source code related to the instrumentalities accused against the Defendants in the NDCA cases and identified by Adaptix to Qualcomm and during multiple meet-and-confers with Qualcomm concerning the ongoing source code inspections conducted by Adaptix. This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the declarations of Steven E. Lipman and Nigel Jones, the proposed order submitted herewith, all papers and pleadings on file in the NDCA cases, such other evidence and argument as may be presented at or before any hearing on this Motion, and all matters of which this Court may take judicial notice. This Motion is made following

PLAINTIFF'S MOTION TO COMPEL
SOURCE CODE

2

the conference of counsel which began *circa* March 2014 and reached an impasse on April 30, 2014.

This critical Motion is extremely time-sensitive in view of the recently modified deadline by the NDCA of fact discovery to June 2, 2014. Despite the necessity of filing this Motion on the heels of Adaptix's latest meet-and-confer (April 30th), Adaptix intends to continue urging Qualcomm to provide the discovery sought in Adaptix's subpoenas and, hopefully, rendering the Motion moot – or other remedies as this Court deems appropriate under the circumstances.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. ISSUE TO BE DECIDED – CIVIL L.E. 7-4(a)(3)

Whether third party Qualcomm must immediately make available for inspection by Adaptix of the source code related to the instrumentalities accused against the Defendants in the NDCA cases and identified by Adaptix to Qualcomm regarding the instrumentalities and during multiple meet-and-confers with Qualcomm concerning the ongoing source code inspections.

### II. INTRODUCTION

The five NDCA cases at issue were transferred last summer to the NDCA by the EDTX where other related cases remain with some of the NDCA "carrier" Defendants. The NDCA cases include patent infringement allegations against the NDCA Defendants based upon two Adaptix patents involving "handsets," *a/k/a* "smartphones," manufactured by some of the Defendants [Apple, Inc. ("Apple") and HTC Corp. and HTC America, Inc. (collectively "HTC")] that communicate with "base stations" over the "networks" of the remaining Defendants, *a/k/a* "carriers" [Cellco Partnership *d/b/a* Verizon Wireless ("Verizon") and AT&T Mobility LLC "AT&T"]. All of the "handsets" contain "chip sets" manufactured by third party Qualcomm that enable wireless communication to take place. The "blood" of the Qualcomm "chip sets" is their "source code" which is a major focus of this Motion.

### III. BACKGROUND

In the general period of January 14 through February 5, 2014, Adaptix was engaged in negotiations with Qualcomm to agree upon a Supplemental Protective Order for submission to the NDCA so Adaptix could proceed with discovery through Qualcomm in support of Adaptix's

PLAINTIFF'S MOTION TO COMPEL
SOURCE CODE

infringement case concerning all of the NDCA Defendants. (*See generally* Lipman Decl.,[1] Exs. 1-8). In anticipation of reaching an accord with Qualcomm on those negotiations and with acute awareness of the then May 2, 2014 fact discovery deadline in the cases, on February 7, 2014 Adaptix put Qualcomm on notice of its intent to disclose Qualcomm CBI and source code to Adaptix code expert Nigel Jones under the expected approval by the NDCA of the Qualcomm Supplemental Protective Order desired by Qualcomm. (*Id.*, Exs. 9; *see generally* Jones Decl.,[2] *infra*.) (Similar activities were in play concurrently before the EDTX in other EDTX "handset" cases). (Lipman Decl., Ex. 10).

In further anticipation of NDCA Court approval of the Qualcomm Supplemental Protective Order and the discovery and expert report deadlines, Adaptix served three sets of subpoenas on Qualcomm. (Lipman Decl., Exs. 11-14; and Exs. 14-1 through 14-14).[3] The following are the Production Requests at issue in an exemplary one of the first set of subpoenas which are basically identical to the other two of the first set[4] (here the Requests from NDCA Case Nos. 1778 and 1844 involving Defendants HTC, AT&T, and Verizon; Lipman Decl., Ex. 14-6):

**REQUEST 1.**
All Software Source Code Files supplied by Qualcomm to HTC Corporation and all Software Source Code Files used to create any binary libraries supplied by Qualcomm to HTC Corporation.

**REQUEST NO. 2:**
All Software Source Code Files that are used to create the binary images that are used by any processor, including but not limited to the baseband processors and any associated digital signal processors.

**REQUEST NO. 3:**
All Chip Level Schematics and Hardware Source Code Files for all processors, including but not limited to the baseband processors and any associated digital signal processors.

**REQUEST NO. 4:**
All source code and documentation which relates to, defines, specifies, executes on, or interfaces with the modem subsystem, including but not limited to Software Source Code

---

[1] References herein to "Lipman Decl." refer to the Declaration of Steven E. Lipman, Esq. filed in support of the present Motion.
[2] References herein to "Jones Decl." refer to the Declaration of Nigel Jones filed in support of the present motion.
[3] The first set of subpoenas was issued out of the **SDCA** on **February 11, 2014** (Exs. 14-1 to 14-6) and the second set of subpoenas (basically identical to the first set) was issued out of the **NDCA** on **May 2, 2014** (Ex. 14-7 to 14-14).
[4] *See* n. 3, *supra*.

PLAINTIFF'S MOTION TO COMPEL
SOURCE CODE

4

Files, Hardware Source Code Files, compiler manuals, linker manuals, programming language manuals, instruction set manuals, build procedure manuals, datasheets, and all other manuals for the following:
- Gobi
- Snapdragon S2
- Snapdragon S4
- MSM8960
- MSM8960L
- MSM8655
- MDM6600
- MDM9200
- MDM9215
- MDM9600[5]
- MDM9615

**REQUEST NO. 5:**
All source code and documentation which relates to, defines, executes on, or interfaces with the modem subsystem, including but not limited to software source code files, hardware source code files, and manuals for any of your LTE chipsets that support or are capable of supporting the following:
- The features or functionality encompassed by Feature Group Indicators 1 and/or 2 as defined in 3GPP TS 36.331: *Evolved Universal Terrestrial Radio Access (EUTRA); Radio Resource Control (RRC); Protocol specification*
- Aperiodic Reporting Modes 2-0, 2-2, 3-0, and 3-1 as defined in 3GPP TS 36.213: *Technical Specification Group Radio Access Network; Evolved Universal Terrestrial Radio Access (E-UTRA); Physical layer procedures*
- Periodic Reporting Modes 2-0 and 2-1 as defined in 3GPP TS 36.213: *Technical Specification Group Radio Access Network; Evolved Universal Terrestrial Radio Access (E-UTRA); Physical layer procedures*

**REQUEST NO. 6:**
All communications between you and HTC Corporation concerning the '748 patent.

**REQUEST NO. 7:**
All communications between you and HTC Corporation concerning the '212 patent.

**REQUEST NO. 8:**
All communications between you and Cellco Partnership *d/b/a* Verizon Wireless concerning the '748 patent.

**REQUEST NO. 9:**
All communications between you and Cellco Partnership d/b/a Verizon Wireless concerning the '212 patent

**REQUEST NO. 10:**
All communications between you and AT&T Mobility LLC concerning the '748 patent.

**REQUEST NO. 11**
All communications between you and AT&T Mobility LLC concerning the '212 patent.

**REQUEST NO. 12:**
All documents that describe how Qualcomm's Source Code is supposed to work, including Software Specification documents and Hardware Specification documents, such as Qualcomm's Software Coding standard and Hardware Coding standard.

---
[5] This Qualcomm "chip set," MDM9600, is of particular importance to this Motion.

PLAINTIFF'S MOTION TO COMPEL
SOURCE CODE

5

**REQUEST NO. 13:**
All documents concerning Qualcomm's standards compliance testing, including but not limited to LTE-related statements of compliance or compliance matrices.

In light of an expectancy of significant time increases and activity in the day-to-day obligations that would inure in the NDCA cases from the entry of third party Qualcomm and Adaptix's infringement case (among other things), Adaptix quickly added another source code expert, Paul McFall (Lipman Decl., Ex. 15 (February 12, 2014)), in the vetting queue that was followed shortly by two more prospective Adaptix code experts. And, of course, Adaptix quickly put Qualcomm on notice on February 21st that it wanted to commence its source code review at Qualcomm on February 25th and to last through the 28th. (Lipman Decl., Ex. 16). Not necessarily surprising but nonetheless excessively time-consuming, Qualcomm objected to the subpoenas (Lipman Decl., Ex. 17), which resulted in the loss of four weeks (from February 27th through March 31st) (Lipman Decl., Exs. 18-27) that led to the postponement of the expected first inspection by six weeks to the next noticed inspection commencement date of April 7th through the 11th. This significant time loss seemed to allow Qualcomm to dig further into relevant firmware[6] for the next code inspection by Adaptix. (Lipman Decl., Exs. 28-29).

Once Adaptix's code reviewers finally had their first chance for access to some Qualcomm code in the second week of April, a significant number of deficiencies arose that led to "some specific concerns with respect to Qualcomm's production of source code" raised by Adaptix on April 10th. (Lipman Decl., Ex. 30). More particularly, Adaptix identified the following "concerns:"

    i.    Although Adaptix had enumerated specific chipsets whose source code was important to Adaptix, i.e., MSM8960, MSM8960, MSM8655, MDM6600, MDM9200, MDM9215, **MDM9600**, and MDM9615M (emphasis added), "[t]he problem is that code for certain Qualcomm devices is labeled with internal Qualcomm codenames, and there is no way for our source code reviewers to translate these names to the specific devices we requested;"

---

[6] Qualcomm has identified three different categories for source code: hardware, firmware, and software. Hardware source code describes the operation of Qualcomm-designed hardware (integrated circuits, or "chips" to use the vernacular term, *a/k/a* "chip sets"). Firmware source code describes source code written mostly by Qualcomm that runs on Qualcomm baseband processor(s). Software source code describes source code written by a variety of vendors, including Qualcomm and the handset manufacturers, that runs on the Application processor. The software source code is almost completely irrelevant to these litigations. Rather it is the firmware source code and hardware source code that are germane. (Jones Decl., ¶7).

PLAINTIFF'S MOTION TO COMPEL
SOURCE CODE

6

       ii. Adaptix made specific note of code names on which Adaptix asked to be provided a "translation of the[se] chips;"

       iii.    Adaptix noted "multiple instances of missing source files" and gave a "non-exhaustive list of some examples of the missing files; and

       iv.    Adaptix noted as well that its "source code reviewers were not provided with any documents beyond the source files [as they] were expecting some .doc or .pdf files with some descriptions of the chipsets involved, and [made clear of their] belie[fs] that Qualcomm and the [defendant] handset manufactures [Apple and HTC] have, and should produce," which was described precisely.

(Lipman Decl., Ex. 30)

       On the next day, the Adaptix code reviewers were informed by Qualcomm that a particular name happened to be associated with both Qualcomm chip sets MDM9200 and MDM9600 (Lipman Decl., Ex. 31) and that Qualcomm had "confirmed [a couple days later] that certain source code files were inadvertently omitted from the source code [Qualcomm] made available for inspection during the week of April 1" (Lipman Decl., Ex. 32).

       These incidents led Adaptix to give notice to Qualcomm again on April 15th that three of its code reviewers were to return to Qualcomm between April 21 and April 25. (Lipman Decl., Ex. 33). On the same day Adaptix asked Qualcomm to "produce the firmware for [particular HTC] relevant products" because "HTC [had finally] produced [Adaptix] with [a number of] **software build IDs**." (Lipman Decl., Ex. 34) (emphasis added). These incidents further led Adaptix to notice Qualcomm that it "intend[ed] to serve [other] subpoenas on Qualcomm in the next several days regarding [Defendants] Pantech and LG [from related handset] EDTX Case Nos. 017, 020, and 120, similar to what Adaptix did in [its] subpoenas [that were first served in the NDCA cases]" (Lipman Decl., Ex. 35); in fact, Adaptix provided these other subpoenas a week later to Qualcomm on April 24th (Lipman Decl., Ex. 37).

       The culmination of these ongoing and troubling incidents led Adaptix to write the following to Qualcomm on April 28th (Lipman Decl., Ex. 38):

> "Qualcomm continues to ignore its agreed-upon source code production. As one example, Adaptix source code experts have traced various HDL blocks back to registers. These registers were dead ends in the sense that no HDL code either wrote or read the registers as appropriate. No firmware was provided that accessed these registers. In essence, Qualcomm's production was incomplete. To illustrate:
>
> First, the available source code showed that various HDL blocks can be traced back to registers. However, there was no HDL code provided that either wrote or read the

PLAINTIFF'S MOTION TO COMPEL
SOURCE CODE

registers, showing that the role of the registers is to interface to firmware. **Yet no firmware source code was provided to the Adaptix code reviewers, thereby proving Qualcomm's production to be incomplete.**

Furthermore, **our code experts found a PDF document in the … directory [with a particular name]. It's dated May 1, 2009, revision A and is over 2000 pages. This document describes all the registers and tasks in the modem and provides a block diagram of the architecture. This document describes firmware running on a [particular] CPU which constructs multiple task lists which end up going to a Task List Processor which decodes the data into registers. The CQI registers found in the HDL (mentioned above) map to the registers found in this document …. We do not have the source code of the firmware that constructs these task lists**.

Accordingly, we ask the following:

1. Qualcomm provide *all* software, firmware and HDL used in the reception, transmission, processing and storing of LTE cellular communications;
2. In particular, provide *all* software and firmware that executes on any and all DSPs …;
3. In particular, provide all software and firmware that references any of the registers and / or tasks mentioned in the [aforementioned PDF] document …; and
4. Additionally, provide all software and firmware ….

Please provide a date and time when these deficiencies will be remedied so that our code reviewers can return to your facilities and continue their inspection."

(Emphases added).

Regrettably, on April 30th the parties held a telephonic meet-and-confer that led to the necessity and urgency for Adaptix to promptly file this Motion to Compel. (Lipman Decl., Exs. 39-41).

## IV. LEGAL STANDARD

Federal Rule of Civil Procedure 37 allows a party seeking discovery to move for an order to compel "[a]n answer, designation, production or inspection." Fed. R. Civ. P. 37(a)(3)(B). "A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials. Fed. R. Civ. P. 45(a)(1)(D). "The serving party may, at any time, on notice to the commanded person, move the court for an order compelling production. Fed. R. Civ. P. 45(d)(2)(B)(i)" *Greenspan v. County of San Diego*, 2014 WL 171653, at *1 (S.D. Cal. Jan. 9, 2014).

## V. ARGUMENT

PLAINTIFF'S MOTION TO COMPEL
SOURCE CODE

8

A. **Qualcomm is and always has been aware that the source code responsive to the Adaptix subpoenas is the property of Qualcomm and not of any other defendant in these cases, and that the source code utilizes LTE technology specifically enumerated in the subpoenas and, as a result, Qualcomm has not produced the necessary source code and technical documents that Adaptix needs for its infringement cases that intimately involve Qualcomm code**

Qualcomm has taken the position that a plaintiff like Adaptix should first attempt to obtain source code from a defendant (like "handset" manufacturing defendants Apple and HTC) and that Qualcomm will supply source code only to the extent that the defendant does not possess it. (Jones Decl., ¶10). Not only is this position not sustainable, it is contradicted by the source code actually obtained by Adaptix's code reviewers from defendants Apple and HTC in the NDCA cases.

For example, Apple was asked by Adaptix to produce all LTE-related code in its possession. Apple produced three particular sets of labeled code. The vast majority of the produced code contained Qualcomm copyright notices. Two of those particular sets of labeled source codes appeared to be written for a **particular Qualcomm processor**, and were largely complete. As a result, Adaptix's reviewers were able to quickly identify the source code which implements the accused functionality of the subject Apple instrumentalities. By contrast, the third of the particular set of labeled source codes appeared to be written for a **particular critical Qualcomm processor** and had a completely different architecture. (Jones Decl., ¶11) (emphases added). More to the point, the code was incomplete because of the following:

   a. Adaptix was not able to identify the source code that implements the accused behavior, even though the code must be present based upon the Feature Group Indicator (FGI) reported by the third of the particular set of labeled code;

   b. The third of the particular set of code transmits messages which are not received by any of the produced source code; and

   c. An analysis on the third of the particular set of code directory showed that there were at least a significant number of missing files. *Id*.

Adaptix next turned its attention to the hardware source code, in part to determine if the missing functionality was implemented in hardware. The hardware associated with third of the particular set of code has a particular Qualcomm code name. Unsurprisingly, the missing functionality was not found in the hardware source code. However, contained within that particular code name is a particular file dated May 1, 2009. It is a revision A and is over 2,000 pages. This document

PLAINTIFF'S MOTION TO COMPEL
SOURCE CODE

9

produced a wealth of information about the architecture of the particular code name. Specifically, it confirmed that there is firmware that generates particular tasks lists including particular tasks, which are **central to Adaptix's infringement contentions**. The absence of the source code for these tasks further confirms that the source code production for the particular processor, the third of the particular set of code, and a particular Qualcomm code name platform are **incomplete**. More to the point, the source code that is missing is precisely that code which implements the accused behavior and is thus critical to Adaptix's case. (Jones Decl, ¶12).

Qualcomm's position is that in order to provide any missing code, Qualcomm needs to be provided the relevant "Software Build ID" (SBID) and that this SBID must be obtained from Apple. SBID's are essentially assembly numbers for software and should uniquely identify the source code that generated the code used by Apple. It is thus quite remarkable that Qualcomm apparently does not know what it provided to Apple, but rather requires Adaptix to obtain this information from Apple. *(Jones Decl., ¶13). Qualcomm has taken the same unsustainable position concerning defendant HTC.

With respect to HTC, Adaptix accordingly demanded that HTC produce the source code for the accused instrumentalities. Weeks after the source code was demanded, HTC produced many thousands of files consuming more than 30 GB. Despite this massive production, HTC produced *virtually no Qualcomm source code*. Instead, HTC produced large numbers of Qualcomm library files. These library files are not human readable and thus no source code related to LTE in general and the accused behavior in particular was produced. (Jones Decl., ¶14). Adaptix accordingly demanded that Qualcomm produce the source code for all of the Qualcomm library files in HTC's possession. (This demand was in REQUEST #1 of the original Adaptix subpoena. *Id*.). Qualcomm once again demanded the SBID's for each of the accused products. Adaptix obtained the SBID's for each of the accused products from HTC and supplied them to Qualcomm. (Jones Decl, ¶16). It has now been over three weeks since the HTC SBID's were supplied to Qualcomm. To date, Qualcomm has produced nothing. (Jones Decl., ¶17).

Qualcomm is also claiming that having to produce the source code for each of the accused instrumentalities is unduly burdensome. This is contrary to how SBID's are normally used. It is

1   the norm in the software industry to use a version control system (VCS). A VCS keeps track of
2   all the different versions of a source code file. In addition, a VCS allows a group of files to be
3   "labeled." The purpose of labeling is to uniquely identify all of the specific versions of files that
4   went into a specific "build." Having labeled such a set of files, it is relatively simple to ask the
5   VCS to generate the list of files associated with a particular label. These labels are often referred
6   to as SBID's. Thus, on the assumption that Qualcomm uses a VCS, producing the source code
7   associated with a particular SBID should be a relatively simple undertaking. (Jones Decl., ¶18).
8         The practical result is that, despite Qualcomm's knowledge that LTE-related source code
9   resides in Qualcomm chipsets and is controlled by Qualcomm throughout their lifecycle, Qualcomm
10  has nonetheless averred to Adaptix that the non-Qualcomm Defendants in the NDCA cases possess
11  the desired source code. Likewise, Qualcomm's apparent stalling tactics include claiming both
12  ignorance (stating applicable source code resides with non-Qualcomm Defendants) and slow progress
13  ("we are tracking down the firmware source code"), usually in the same response to Adaptix's
14  subpoenas and in their past and latest meet-and-confers with Adaptix. (Lipman Decl., Exs. 38-40).
15  The result of Qualcomm's tactics is that Adaptix has spent weeks and months corresponding and
16  pursuing the elusive Qualcomm source code — per Qualcomm's assertions — from the non-
17  Qualcomm Defendants. After confronting Qualcomm with the results of these laborious findings,
18  Adaptix finally received from Qualcomm *some* source code that was responsive to the subpoenas —
19  but only partially so. Thus, Qualcomm continues to avoid full compliance with the subpoenas—in
20  one example, as noted above, that Qualcomm has not produced firmware source code relating to a
21  **critical Qualcomm Digital Signal Processor**, despite repeated requests by Adaptix. The firmware
22  source code is directly responsive (and critical) to the Adaptix subpoenas. The incompleteness of the
23  source code **provided** by Qualcomm is obvious and glaring to Adaptix's source code reviewers in that
24  the provided Qualcomm source code directly refers to other Qualcomm source code that has **not been**
25  **provided**.
26        For these reasons and the June 2nd end-of-fact-discovery in the NDCA cases (followed closely
27  by the NDCA deadline for expert infringement reports), Adaptix has been forced to seek urgent relief
28  from the SDCA. In the meantime, Adaptix will continue to try to communicate with Qualcomm to

PLAINTIFF'S MOTION TO COMPEL
SOURCE CODE

resolve these extremely prejudicial issues as summarized in Adaptix's April 28th communication (Lipman Decl., Ex. 38), but to date Adaptix cannot afford to wait any longer without Court assistance.

## VI. CONCLUSION

For the foregoing reasons, Adaptix respectfully requests that the Court expeditiously grant Adaptix's Motion to Compel Source Code by ordering Qualcomm to do the following:

> a. Relative to Defendant Apple, Qualcomm must timely produce and make available for inspection by Adaptix of all Software Source Code Files that are used to create the binary images that are used by Qualcomm's MDM9600, including but not limited to the baseband processors and any associated digital signal processors;
>
> b. Relative to Defendant Apple, Qualcomm must timely honor the demands of Request No. 2 of Adaptix's Subpoena concerning Apple (Lipman Decl., Exs. 14-3 and 14-4, and 14-7 to 14-10); and
>
> c. Relative to Defendant HTC, Qualcomm must timely honor the demands of Request Nos. 1 and 2 of Adaptix's Subpoena concerning HTC (Lipman Decl., Exs. 14-5 and 14-6, and 14-11 to 14-14).

(*See* Jones Decl., ¶19).

Dated: May 6, 2014

By: */s/ Christopher D. Banys*
Paul J. Hayes (p*ro hac vice*)
Kevin Gannon (*pro hac vice*)
Steven E. Lipman (*pro hac vice*)
**HAYES MESSINA GILMAN & HAYES, LLC**
200 State Street, 6th Floor
Boston, MA 02109
Tel: (978) 809-3850
Fax: (978) 809-3869
phayes@hayesmessina.com
kgannon@hayesmessina.com
slipman@hayesmessina.com
Telephone: (978) 809-3850
Facsimile: (978) 809-3869

Christopher D. Banys
Richard C. Lin
Jennifer L. Gilbert
cdb@banyspc.com
rcl@banyspc.com
jlg@banyspc.com

PLAINTIFF'S MOTION TO COMPEL
SOURCE CODE

| | |
|---|---|
| 1 | **BANYS, P.C.** |
| | 1032 Elwell Court, Suite 100 |
| 2 | Palo Alto, CA 94303 |
| | Telephone: (650) 308-8505 |
| 3 | Facsimile: (650) 353-2202 |
| 4 | |
| | **Attorneys for Plaintiff** |
| 5 | **ADAPTIX, INC.** |

PLAINTIFF'S MOTION TO COMPEL
SOURCE CODE

# PROOF OF SERVICE

I, the undersigned, declare:

I am a citizen of the United States and employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 1032 Elwell Court, Suite 100, Palo Alto, California 94303. On May 6, 2014, I served a copy of the within document:

**PLAINTIFF'S MOTION TO COMPEL SOURCE CODE**

☒ by transmitting via electronic mail the document(s) listed above in the electronic email address set forth below on this date.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Palo Alto, California addressed as set forth below.

| | |
|---|---|
| David Kays, Esq. | Freeda Lugo, Esq. |
| Morgan Franich Fredkin & Marsh | Morgan Franich Fredkin & Marsh |
| 99 Almaden Boulevard, Suite 1000 | 99 Almaden Boulevard, Suite 1000 |
| San Jose, CA 95113 | San Jose, CA 95113 |
| 408-288-8288 | 408-288-8288 |
| Fax: 408-288-8325 | Fax: 408-288-8325 |
| dkays@mffinlaw.com | flugo@mffinlaw.com |

☒ by transmitting via electronic mail the document(s) listed above in the electronic email address set forth below on this date.

| | |
|---|---|
| Mark D. Selwyn | Geoffrey M. Godfrey |
| Craig E. Davis | Mark D. Flanagan |
| Andrew L. Liao | Robert M. Galvin |
| Jonathan L. Hardt | Cortney C. Hoecherl |
| Peter J. Shen | Michael E. Jones |
| mark.selwyn@wilmerhale.com | Patrick C. Clutter, IV |
| craig.davies@wilmerhale.com | geoff.godfrey@wilmerhale.com |
| andrew.liao@wilmerhale.com | mark.flanagan@wilmerhale.com |
| Jonathan.hardt@wilmerhale.com | Robert.galvin@wilmerhale.com |
| peter.shen@wilmerhale.com | cortney.hoecherl@wilmerhale.com |
| | mikejones@potterminton.com |
| *Attorneys for Apple Inc.* | patrickclutter@potterminton.com |
| | |
| | *Attorneys for Cellco Partnership* |
| Todd E. Landis | Todd E. Landis |
| David R. Clonts | David R. Clonts |
| James L. Duncan III | James L. Duncan III |
| Fred Irvin Williams | Fred Irvin Williams |
| Teresa W. Ghali | Teresa W. Ghali |

PLAINTIFF'S MOTION TO COMPEL
SOURCE CODE

| | |
|---|---|
| Bas de Blank | tlandis@akingump.com |
| Travis Jensen | dclonts@akingump.com |
| Christopher A. Hughes | jduncan@akingump.com |
| John T. Moehringer | fwilliams@akingump.com |
| Regina M. Lutz | tghali@akingump.com |
| Michael B. Powell | ADAPTIXAGCOUNSEL@akingump.com |
| Robert M. Pollaro | |

tlandis@akingump.com
dclonts@akingump.com
duncan@akingump.com
fwilliams@akingump.com
tghali@akingump.com
bdeblank@orrick.com
tjensen@orrick.com
ADAPTIXAGCOUNSEL@akingump.com
Christopher.Hughes@cwt.com
John.Moehringer@cwt.com
Regina.lutz@cwt.com
michael.powell@cwt.com
Robert.pollaro@cwt.com

*Attorneys for HTC Corporation and HTC America Inc.*

*Attorneys for AT&T Mobility LLC*

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 6, 2014, at Palo Alto, California.

                                      */s/ Georgia P. Golfinopoulos*
                                         Georgia P. Gofinopoulos