UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **ADAPTIX, INC.,** | |
| **Plaintiff,** | JURY TRIAL DEMANDED |
| v. | |
| **CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,** | CASE NO. 6:15-cv-45-RWS |
| **Defendant.** | |

**CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS'S
ANSWER, DEFENSES, AND COUNTERCLAIMS TO
ADAPTIX, INC.'S FIRST AMENDED COMPLAINT**

Pursuant to Rules 8, 12, and 13 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon") hereby responds to the allegations set forth in the First Amended Complaint of Plaintiff ADAPTIX, Inc. ("Adaptix") as follows:

**THE PARTIES[1]**

1. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and therefore denies them.

2. Paragraph 2 contains conclusions of law to which no response is required. To the extent that any response is required, Verizon avers that it is indirectly wholly owned by Verizon Communications Inc., is headquartered at 1 Verizon Way, Basking Ridge, New Jersey 07920, and that it does business in Texas and within this District, but denies the remaining allegations of

---

[1] Verizon's Answer utilizes the same headings as set forth in the Amended Complaint. In so doing, Verizon does not admit any of the allegations contained in the Amended Complaint's headings.

paragraph 2.  Verizon further avers that it currently employs hundreds of people in Texas, including at facilities in Southlake and Westlake.

## JURISDICTION AND VENUE

3. Paragraph 3 contains conclusions of law to which no response is required.  To the extent that any response is required, Verizon admits that it does business in Texas and within this District, including the sale of products and services within this District and elsewhere in the United States, but denies the remaining allegations of paragraph 3.

4. Paragraph 4 contains conclusions of law to which no response is required.  To the extent that any response is required, Verizon admits that it does business in Texas and within this District, including the sale of products and services within this District and elsewhere in the United States, but denies the remaining allegations of paragraph 4.

5. Paragraph 5 contains conclusions of law to which no response is required.  To the extent that any response is required, Verizon admits that it does business in Texas and within this District, including the sale of products and services within this District and elsewhere in the United States, but denies the remaining allegations of paragraph 5.  Verizon further avers that venue is more appropriate and convenient in the Northern District of California.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 8,934,375)

6. Verizon incorporates answers in paragraphs 1 through 5 by reference.

7. Paragraph 7 contains conclusions of law to which no response is required.  To the extent a response is required, Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and therefore denies them.

8. Paragraph 8 contains conclusions of law to which no response is required. To the extent a response is required, Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and therefore denies them.

9. Paragraph 9 contains conclusions of law to which no response is required. To the extent a response is required, Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and therefore denies them.

10. Denied.

11. Denied.

12. Verizon admits that it has been on notice of the '375 patent since the service of Adaptix's Complaint in this action, but denies the remaining allegations of paragraph 12.

13. Denied.

14. Denied.

15. Verizon admits that it has been on notice of the '375 patent since the service of Adaptix's Complaint in this action, but denies the remaining allegations of paragraph 15.

16. Denied.

## PRAYER FOR RELIEF

Verizon denies that Adaptix is entitled to any of the relief requested.

## DEMAND FOR JURY TRIAL

Verizon denies that Adaptix is entitled to a trial by jury on any of the claims raised in the Amended Complaint.

## VERIZON'S DEFENSES TO ADAPTIX'S AMENDED COMPLAINT

### FIRST AFFIRMATIVE DEFENSE
(Non-Infringement)

Adaptix is not entitled to any relief against Verizon because Verizon has not directly infringed any claim of U.S. Patent No. 8,934,375 ("the '375 patent") and has not actively induced infringement, contributed to infringement, or otherwise committed any act giving rise to liability for infringement of the '375 patent under 35 U.S.C. § 271.

### SECOND AFFIRMATIVE DEFENSE
(Invalidity)

One or more claims of the '375 patent are invalid and unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 41, 101, 102, 103, 112, 116, and the doctrine of obviousness-type double patenting.

### THIRD AFFIRMATIVE DEFENSE
(Issue Preclusion)

Adaptix's purported claims are barred, in whole or in part, by issue preclusion.

### FOURTH AFFIRMATIVE DEFENSE
(Laches)

Adaptix's purported claims are barred, in whole or in part, by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE
(Waiver)

Adaptix's purported claims are barred, in whole or in part, by waiver.

### SIXTH AFFIRMATIVE DEFENSE
(Estoppel)

Adaptix's purported claims are barred, in whole or in part, by the doctrines of estoppel and/or equitable estoppel.

### SEVENTH AFFIRMATIVE DEFENSE
(Injunctive Relief Unavailable)

Adaptix is not entitled to injunctive relief because any alleged injury to Adaptix is neither immediate nor irreparable, and Adaptix has an adequate remedy at law.

### EIGHTH AFFIRMATIVE DEFENSE
(Limitation of Damages)

Adaptix's right to seek damages is limited, including without limitation, by 35 U.S.C. §§ 286 and 287.

### NINTH AFFIRMATIVE DEFENSE
(Unclean Hands)

In the mid to late 1990s, AT&T Wireless Services, Inc. ("AWS") developed a wireless system incorporating orthogonal frequency-division multiple access ("OFDMA") technology, code named "Project Angel." Project Angel used both a base station and a remote unit for transmitting data through wireless systems based on OFDMA technology.

During AWS's development of Project Angel, AWS created a number of confidential documents, data, and source code related to the project. AWS marked the documents, data, and source code as "proprietary" and "confidential" to ensure their protection and prevent their disclosure. For example, AWS employees working on Project Angel were required to sign a non-disclosure agreement ("NDA") which precluded employees from disclosing AWS's confidential information. AWS took additional precautions to protect Project Angel during its development, such as covering windows in buildings with metalized film to prevent nonauthorized personnel from electronically eavesdropping on AWS personnel associated with Project Angel. AWS also sought and obtained a number of patents related to Project Angel, resource allocation, and OFDMA technology.

In 1996, Liang Hong started working at AWS and on Project Angel. Mr. Hong signed an NDA prior to working on Project Angel. From at least 1998-2000, Mr. Hong's position was manager of system engineering at AWS. On information and belief, Mr. Hong had access to and was provided confidential information and documents related to Project Angel, and other AWS technologies, while employed at AWS. On June 20, 2000, Mr. Hong and other inventors filed a patent application on technology related to Project Angel on behalf of AWS, which was later granted as U.S. Patent Nos. 6,801,775 and 6,801,513 and assigned to AWS.

Broadstorm Inc. ("Broadstorm") began recruiting Mr. Hong in October 2000 due to Mr. Hong's employment with AWS and work on Project Angel. On or about October 29, 2000, Mr. Hong entered a consulting agreement with Broadstorm to assist Broadstorm in wireless access network design and interface development, including the development of software and algorithms for resource allocation. Mr. Hong became an employee of Broadstorm on or about February 21, 2001. While employed with Broadstorm, Mr. Hong's position was senior vice president of engineering. Some of Mr. Hong's consulting and employment with Broadstorm occurred while he was still employed with AWS.

James Hite started working at AWS and on Project Angel in 1995. Mr. Hite signed an NDA prior to working on Project Angel. On information and belief, Mr. Hite had access to and was provided confidential information and documents related to Project Angel while employed with AWS.

Broadstorm began recruiting Mr. Hite in September 2000 due to Mr. Hite's employment with AWS and work on Project Angel. Mr. Hite started working at Broadstorm in October 2000 to assist Broadstorm in developing prototype wireless hardware.

In 1998, Palaniappan Meiyappan started working at AWS and on Project Angel. Mr. Meiyappan signed an NDA prior to working on Project Angel. On information and belief, Mr. Meiyappan had access to and was provided confidential information and documents related to Project Angel while employed with AWS.

Broadstorm began recruiting Mr. Meiyappan in September 2000 due to Mr. Meiyappan's employment with AWS and work on Project Angel. Mr. Meiyappan started working at Broadstorm on or about October 9, 2000 to assist Broadstorm in developing prototype wireless hardware. Some of Mr. Meiyappan's employment with Broadstorm occurred while he was still employed with AWS.

On information and belief, with the hiring of Mr. Hong, Mr. Hite, and Mr. Meiyappan, Broadstorm believed it knew all of the engineering details of AWS's Project Angel and wireless OFDMA technology.

Broadstorm had not executed an NDA, or any other similar confidentiality agreement, with AWS that would allow Broadstorm access to AWS's confidential information or documents. On information and belief, one or more of Mr. Hong, Mr. Hite, and Mr. Meiyappan provided Broadstorm with confidential information and documents related to AWS's Project Angel and wireless OFDMA technology. Mr. Hong also provided portions of AWS's confidential and proprietary source code to Broadstorm on or about March 22, 2001. On information and belief, Broadstorm improperly obtained and used AWS's confidential information and documents related to Project Angel in developing Broadstorm's wireless products.

During related litigation, Adaptix produced over 50 of AWS's confidential and proprietary documents related to Project Angel that, on information and belief, were improperly

obtained, possessed, and used by Broadstorm to develop its wireless products. Adaptix, however, has failed to preserve and produce metadata associated AWS's confidential and proprietary documents relating to Broadstorm's conduct in obtaining and possessing these documents.

Adaptix is the successor-in-interest to Broadstorm, a predecessor company to Adaptix.

Adaptix is barred by the doctrine of unclean hands from enforcing the '375 Patent against Verizon.

## **COUNTERCLAIMS FOR DECLARATORY JUDGMENT**

Counterclaim-Plaintiff Verizon, on personal knowledge as to its own acts, and on information and belief as to all others based on its own and its attorneys' investigation, alleges Counterclaims against Adaptix as follows:

## **NATURE OF THE ACTION**

1. These Counterclaims arise from Adaptix's allegations of infringement against Verizon.

2. According to the allegations set forth in the Amended Complaint, Adaptix claims to be the owner of all rights, titles, and interests to the '375 patent, including the rights to sue and recover for infringement.

3. Adaptix has accused Verizon of directly infringing, contributing to the infringement of, or inducing others to infringe the '375 patent. Verizon denies that it infringes any valid and enforceable claim of the '375 patent.

4. An actual case and controversy exists between the parties concerning the infringement of one or more claims of the '375 patent, and that controversy is ripe for adjudication by this Court.

## JURISDICTION AND VENUE

5.      These are Counterclaims for a declaration of non-infringement and invalidity of one or more claims of the '375 patent. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201. This Court also has personal jurisdiction over Adaptix because Adaptix has already submitted to the jurisdiction of this judicial district by initiating the instant lawsuit.

6.      Venue for these Counterclaims is legally proper in this District pursuant to 28 U.S.C. §§ 1367 and 1391, although venue is more appropriate and convenient in the Northern District of California.

## PARTIES

7.      Counterclaim-Plaintiff Verizon is indirectly wholly owned by Verizon Communications Inc., and is headquartered at 1 Verizon Way, Basking Ridge, New Jersey 07920.

8.      According to the allegations in paragraph 1 of the Amended Complaint, Counterclaim-Defendant Adaptix is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2400 Dallas Parkway, Suite 200, Plano, TX 75093.

## COUNTERCLAIM COUNT I
### (Non-Infringement of U.S. Patent No. 8,934,375)

9.      Verizon repeats and re-alleges the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

10.     Verizon is neither infringing, contributorily infringing, actively inducing others to infringe, nor otherwise liable under 35 U.S.C. § 271 for infringement of any claim of the '375 patent as properly construed.

11. To resolve the legal and factual questions raised by Adaptix and to afford relief from the uncertainty and controversy that Adaptix's accusations have precipitated, Verizon is entitled to declaratory judgment that it has not infringed and is not infringing, directly or indirectly, any valid, enforceable claim of the '375 patent, either literally or under the doctrine of equivalents.

### COUNTERCLAIM COUNT II
### (Invalidity of U.S. Patent No. 8,934,375)

12. Verizon repeats and re-alleges the allegations contained in paragraphs 1 through 8 as if set forth fully herein.

13. One or more claims of the '375 patent are invalid and unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 41, 101, 102, 103, 112, 116, and the doctrine of obviousness-type double patenting.

14. To resolve the legal and factual questions raised by Adaptix and to afford relief from the uncertainty and controversy from which Adaptix's accusations have precipitated, Verizon is entitled to a declaratory judgment that the '375 patent is invalid.

### PRAYER FOR RELIEF

WHEREAS, Verizon requests that this Court enter a judgment in its favor and against Adaptix as follows:

    (a)     Dismiss the Amended Complaint in its entirety, with prejudice;

    (b)     Enter judgment in favor of Verizon and against Adaptix;

    (c)     Declare that the '375 patent has not been infringed by Verizon;

    (d)     Declare that the '375 patent is invalid and unenforceable;

    (e)     Declare that Adaptix is estopped and/or precluded from obtaining any relief from Verizon on its purported claims;

    (f)    Declare that this is an exceptional case under 35 U.S.C. § 285 and award Verizon its costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action; and

    (g)    Grant such further relief to Verizon as is just and proper.

## DEMAND FOR JURY TRIAL

In accordance with FED. R. CIV. P. 38(b), Verizon demands a trial by jury on all issues so triable.

Dated: May 11, 2015

Respectfully submitted,

*/s/ Geoffrey M. Godfrey*
Mark D. Flanagan
Robert M. Galvin
Geoffrey M. Godfrey
Cortney C. Hoecherl
S. Dennis Wang
**WILMER CUTLER PICKERING HALE & DORR LLP**
950 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 858-6000
Fax: (650) 858-6100
mark.flanagan@wilmerhale.com
robert.galvin@wilmerhale.com
geoff.godfrey@wilmerhale.com
cortney.hoecherl@wilmerhale.com
dennis.wang@wilmerhale.com

Michael E. Jones (SBN 10929400)
**POTTER MINTON, P.C.**
110 N. College, Suite 500
Tyler, TX 75702
Tel: (903) 597-8311
Fax: (903) 593-0846
mikejones@potterminton.com

*Attorneys for Defendant and Counterclaim-Plaintiff*
Cellco Partnership d/b/a Verizon Wireless

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 11, 2015.

                                              */s/ Geoffrey M. Godfrey*
                                              Geoffrey M. Godfrey