# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

|  |  |
|---|---|
| ADAPTIX, INC., | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No. 6:15-cv-00045-RWS |
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, | ) ) ) ) |
| Defendant. | ) JURY TRIAL DEMANDED |

**PLAINTIFF'S SURREPLY IN OPPOSITION TO
DEFENDANT'S MOTION TO TRANSFER
PURSUANT TO 28 U.S.C. § 1404(a)**

06089700

## TABLE OF CONTENTS

A. RELEVANT EVIDENCE IN TEXAS ................................................................................ 1

B. PURPORTED CALIFORNIA EVIDENCE – WEIGHS AGAINST TRANSFER ................ 3

C. OTHER THIRD PARTIES – WEIGHS AGAINST TRANSFER ......................................... 4

D. JUDICIAL ECONOMY WEIGHS AGAINST TRANSFER ................................................. 4

E. LOCAL INTEREST WEIGHS AGAINST TRANSFER ....................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Adaptix, Inc. v. Alcatel-Lucent USA, Inc.*,
  No. 6:12-cv-123 (E.D. Tex. Jan. 8, 2014) .................................................................. 6

*Adv. Processor Techs. LLC v. Atmel Corp.*,
  2013 WL 1279053 (E.D. Tex. Mar. 26, 2013) ........................................................... 5

*Broadhead Ltd. P'ship v. Goldman, Sachs & Co.*,
  2007 WL 951511 (E.D. Tex. Mar. 28, 2007) ............................................................. 4

*Content Guard Holdings, Inc. v. Amazon,com, Inc.*,
  No. 2:13-cv-1112 (E.D. Tex. Mar. 31, 2015) ............................................................. 6

*Invitrogen Corp. v. Gen. Elec. Corp.*,
  2009 WL 331891 (E.D. Tex. Feb. 9, 2009) ................................................................ 1

*Johnson v. Texas Com'n on Env. Quality*,
  No. 2:07-cv-540, 2008 WL 4186875 (E.D. Tex. Sept. 10, 2008) ............................... 2

*MHL Tek, LLC v. Nissan Motor Co.*,
  2009 WL 440627 (E.D. Tex. Feb. 23, 2009) .............................................................. 1

*MobileMedia Ideas LLC v. HTC Corp.*,
  2012 WL 1570136 (E.D. Tex. May 3, 2012) ......................................................... 3, 4

*PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*,
  2013 WL 9600333 (E.D. Tex. Mar. 21, 2013) ........................................................... 5

*Smartflash LLC v. Apple, Inc.*,
  2014 WL 4421657 (E.D. Tex. Sept. 8, 2014) ............................................................. 3

*State Farm Fire & Cas. Co. v. Lange*,
  No. 4:09-cv-2011, 2010 WL 538042 (S.D. Tex. Feb. 4, 2010) .................................. 2

*Stevens v. Gen. Motors Corp.*,
  2006 WL 3375381 (E.D. Tex. Nov. 21, 2006) ........................................................... 4

*Thomas Swan & Co. Ltd. v. Finisar Corp.*,
  2014 WL 47343 (E.D. Tex. Jan. 6, 2014) ............................................................... 1, 3

*VCode Holdings, Inc. v. Cognex Corp.*,
  2007 WL 2238054 (E.D. Tex. Aug. 3, 2007) ............................................................. 3

In its opposition brief, ADAPTIX argued that the declaration of Verizon's Mr. Stone was insufficient, *inter alia*, because it: **(1)** failed to assign the percentage of Verizon documents in California as compared to at its New Jersey headquarters (Opp. at 6); **(2)** failed to acknowledge or address the documents at Verizon's facilities just outside this District in Southlake and Westlake, Texas (*id.*); and **(3)** does not identify a single Verizon employee in California (*id.* at 7). Verizon's reply is unaccompanied by any additional declarations and Mr. Stone's original declaration remains fatally deficient, warranting denial of the motion. *See MHL Tek, LLC v. Nissan Motor Co.*, 2009 WL 440627 at *4 n. 6 (E.D. Tex. Feb. 23, 2009) ("movant needs at least to identify the name and location of key witnesses as well as the general subject matter of the testimony they are expected to provide"); (*Invitrogen Corp. v. Gen. Elec. Corp.*, 2009 WL 331891, at *2 (E.D. Tex. Feb. 9, 2009) ("general statements [referring to documents] fail to show transfer would make access to sources of proof either more or less convenient for the parties").

In addition, as set forth above, in ADAPTIX's opposition brief and below, none of the relevant transfer factors favors transfer of this case to the Northern District of California. Thus, Verizon has not carried its burden of showing that the transferee court is clearly more convenient than here and its motion should be denied. *See Thomas Swan & Co. Ltd. v. Finisar Corp.*, 2014 WL 47343, at *5 (E.D. Tex. Jan. 6, 2014).

### A. RELEVANT EVIDENCE IN TEXAS – WEIGHS AGAINST TRANSFER

Verizon argues, erroneously, that ADAPTIX has not identified any sources of relevant evidence in Texas. Reply at 2. In its opposition, ADAPTIX identified, *inter alia*, the following in Texas: **(1)** since 2006, ADAPTIX's headquarters and documents (Opp. at 5); **(2)** Verizon's facilities in Southlake and Westlake (*id.* at 6); **(3)** two senior Verizon engineers who worked on testing Verizon's LTE network (*id.* at 7); **(4)** four current or former officers of ADAPTIX (*id.* at

9); **(5)** four additional former employees of ADAPTIX (*id.* at 12-13); and **(6)** two patent attorneys involved in prosecuting the patent-in-suit (*id.* at 13). Thus, Verizon's argument that no relevant evidence is in Texas is simply wrong.

Verizon argues that some employee witnesses identified by ADAPTIX are only listed as "may call" rather than "will call" on a Witness List in a related case. Reply at 2. Notably, Verizon cites no case holding that only "will call" witnesses are relevant to the transfer analysis, and ADAPTIX is aware of none. To the contrary, cases discussing this issue refer to witnesses that "may" testify. *See*, *e.g.*, *Johnson v. Texas Com'n on Env. Quality*, 2008 WL 4186875, at *2 (E.D. Tex. Sept. 10, 2008) ("any of the Plaintiff's former coworkers who may be called to testify will likely be Defendant's own employees"); *State Farm Fire & Cas. Co. v. Lange*, 2010 WL 538042, at *1 (S.D. Tex. Feb. 4, 2010) ("Houston is only 125 from Victoria, and the few witnesses who may be asked to testify in this matter will not, therefore, need to travel far"). Thus, Verizon's "may call" argument should be rejected.

Verizon argues that it produced documents in related litigation from New Jersey and California. Reply at 2. As before, Verizon continues to refuse to break down how many documents came from its headquarters in New Jersey as compared with its California facility. As set forth in ADAPTIX's opposition brief (Opp. at 5), the bulk of discovery material relating to a corporate party is presumed to be located at its headquarters. *Smartflash LLC v. Apple, Inc.*, 2014 WL 4421657, at *4 n. 1 (E.D. Tex. Sept. 8, 2014). By failing to provide more detailed information, Verizon has failed to overcome this presumption that most of its documents are in New Jersey, not California.[1]

---

[1] Verizon argues that ADAPTIX has failed to show how Verizon's Texas personnel and facilities are relevant to this case. Verizon is incorrect. In its opposition brief, ADAPTIX argued that Verizon's Texas facilities are relevant because documents can be transported from Verizon's headquarters in New Jersey to Texas just as easily as to California. *See* Opp. at 6. In support, ADAPTIX cited *VCode Holdings, Inc. v. Cognex Corp.*, 2007 WL 2238054, at

### B. PURPORTED CALIFORNIA EVIDENCE – WEIGHS AGAINST TRANSFER

Next, Verizon repeats its argument that relevant evidence is located in California. Reply at 2-4. This argument fails for two reasons stated in ADAPTIX's opposition brief; first, Verizon has failed to identify with specificity the evidence alleged to reside in California; second, the fact that substantial evidence resides in Texas means that transfer would improperly shift the inconvenience from one district to another. *Thomas Swan v. Finisar*, 2014 WL 47343, at *3. For example, Mr. Stone's declaration fails to identify a single Verizon witness in California. *See* Opp. at 7. Thus, the declaration fails to show that the Northern District of California is clearly more convenient. *See MobileMedia Ideas LLC v. HTC Corp.*, 2012 WL 1570136, at *5 (E.D. Tex. May 3, 2012) ("[w]here party seeking transfer 'only vaguely refer[s] to potential witnesses,' transfer is not warranted.")[2] As set forth in ADAPTIX's opposition brief, there are many identified witnesses who reside in Texas. Opp. at 7-13. Thus, the fact that there may also be witnesses (mostly unidentified by Verizon) in California does not make that forum clearly more convenient. Moreover, Verizon argues that Apple and other handset vendors have relevant witnesses in California (Reply at 3) but fails to identify their names or the nature of their purported testimony. *See Stevens v. Gen. Motors Corp.*, 2006 WL 3375381, at *3 (E.D. Tex. Nov. 21, 2006) ("[i]f a party has merely made a general allegation that witnesses will be necessary, without identifying them and indicating what their testimony will be, the application

---

*3 (E.D. Tex. Aug. 3, 2007) (transfer not favored where "[d]ocuments can be transported, either physically or electronically, to Texas just as easily as they can be transported to [California]"). Thus, contrary to Verizon's argument (Reply at 2-3), this factor is not irrelevant. ADAPTIX also identified two Texas-based Verizon engineers who were involved with testing Verizon's LTE network. *See* Opp. at 7.

[2] Verizon argues that ADAPTIX filed a motion to compel important source code from Qualcomm in related litigation. Reply at 3. ADAPTIX now has possession of that source code and, therefore, the fact that Qualcomm is located in California (as well as Texas) is immaterial. Likewise, Verizon argues that ADAPTIX has listed two California-based Qualcomm witnesses. But altogether ADAPTIX listed 34 witnesses (*see* Verizon Ex. W), of which far more are located in Texas. *See* Opp. at 7-13.

for transfer will be denied") (citation omitted).  Also, Verizon "has not shown that the non-party witnesses are unwilling to travel to Texas," which further weighs against transfer. *Broadhead Ltd. P'ship v. Goldman, Sachs & Co.*, 2007 WL 951511 at *3 (E.D. Tex. Mar. 28, 2007).  Thus, this factor favors denying transfer.

### C.     OTHER THIRD PARTIES

Verizon argues that the location of numerous prior art inventors and a patent attorney (Michael Mallie) in California "weigh strongly in favor of transfer." Reply at 4.  In its opposition brief, however, ADAPTIX quoted from a case in which Judge Davis observed that, in light of his extensive experience in patent cases, "inventors of prior art rarely, if ever, actually testify at trial." *See PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, 2013 WL 9600333, at *8 n. 13 (E.D. Tex. Mar. 21, 2013).[3]  Verizon's reply does not attempt to rebut this observation. *See* Reply at 4.  With respect to Mr. Mallie, as set forth in ADAPTIX's opposition brief, he was involved in prosecuting a related patent application. *See* Opp. at 12.  There is no dispute that the application for the patent asserted in this case was prosecuted by an attorney at the firm of Martin & Ferraro which is located in Hartville, Ohio.  Hartville is much closer to this District (1,120 miles) than to the Northern District of California (2,500 miles). *See* www.distancesonline.com.

### D.     JUDICIAL ECONOMY WEIGHS AGAINST TRANSFER

Verizon argues that Magistrate Judge Grewal's familiarity with the related litigation favors transfer. Reply at 4-5.  Verizon ignores the facts that: **(1)** the patent at issue herein is not asserted in any of the related cases in California; **(2)** there are two other cases pending in this Court involving the patent at issue herein (Case Nos. 6:15-cv-43 and -44); and **(3)** this Court is as familiar, via summary judgment proceedings etc. in cases 6:12-cv-017, -020 and -120, with the

---

[3] *See also Adv. Processor Techs. LLC v. Atmel Corp.*, 2013 WL 1279053, at *5 (E.D. Tex. Mar. 26, 2013) (noting "principal evidentiary value lies in the content of the patents and publications" rather than inventor testimony).

related patents and the accused technology as is Magistrate Judge Grewal.  Thus, Verizon's argument that "Judge Grewal's familiarity with the accused devices favors transfer" (Reply at 5) should be rejected.  The fact that the patent at issue herein is not at issue in California, and this Court's familiarity with the accused technology, weigh against transfer.  In addition, Verizon's Reply does not challenge ADAPTIX's statement (Opp. at 15) that the median time to trial in this District is 20.8 months as compared with 31.0 months in the Northern District of California. *See Content Guard Holdings, Inc. v. Amazon,com, Inc.*, No. 2:13-cv-1112, Dkt. No. 472 at 26 (E.D. Tex. Mar. 31, 2015).  This further weighs against transfer.

### E. LOCAL INTEREST WEIGHS AGAINST TRANSFER

Finally, Verizon argues that California has a stronger local interest in this case because this case "calls into question the 'work and reputation' of individuals in California." Reply at 5.  But the same can be said, and has been said, regarding this District's interest in the enforcement of ADAPTIX's patent rights:

> Importantly, Adaptix is headquartered in this district, and its parent company is headquartered in this district.  Adaptix employs several people there.  Finally, Adaptix's licensees of the patent-in-suit, Samsung and NSN, are also residents of this district.  The Court finds the Eastern District of Texas' interest in this litigation is ***extremely significant.***  Considering the balance of these facts the Court finds this factor weighs against transfer.

*See Adaptix, Inc. v. Alcatel-Lucent USA, Inc.*, No. 6:12-cv-123, Dkt. No. 99 at 13 (E.D. Tex. Jan. 8, 2014) (emphasis added).[4]  Accordingly, this factor also favors keeping the case in this District.

**WHEREFORE**, Verizon's motion to transfer should be denied.

---

[4] In its opposition brief, ADAPTIX inadvertently omitted the "emphasis added" notation. *See* Opp. at 15.

| | |
|---|---|
| Dated: May 14, 2015 | **ADAPTIX, INC.**<br><br>By: /s/ *Paul J. Hayes*<br>Paul J. Hayes<br>Kevin Gannon<br>**HAYES MESSINA GILMAN & HAYES LLC**<br>200 State Street, 6th Floor<br>Boston, MA 02109<br>Tel:  (617) 345-6900<br>Fax:  (617) 443-1999<br>Email:  phayes@hayesmessina.com<br>Email:  kgannon@hayesmessina.com<br><br>Craig Tadlock<br>Texas State Bar No. 00791766<br>Keith Smiley<br>Texas State Bar No. 24067869<br>**TADLOCK LAW FIRM PLLC**<br>2701 Dallas Parkway, Suite 360<br>Plano, TX 75093<br>Tel: (903) 730-6789<br>Email: craig@tadlocklawfirm.com<br>Email: keith@tadlocklawfirm.com<br><br>**ATTORNEYS FOR ADAPTIX, INC.** |

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was filed electronically in compliance with the Local Rule CV-5 on May 14, 2015.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

    /s/ *Kevin Gannon*
Kevin Gannon